**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL KOUNELIS, | : | |
| | : | Civil Action No. 04-4200 (SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LYDELL B. SHERRER, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    MICHAEL KOUNELIS, Petitioner Pro Se
    #223887/453218A
    Northern State Prison
    168 Frontage Road, P.O. Box 2300
    Newark, New Jersey 07114

    DEBRA A. OWENS, ESQ.
    Office of the New Jersey Attorney General
    Division of Criminal Justice, Appellate Bureau
    Richard J. Hughes Justice Complex
    P.O. Box 086
    Trenton, New Jersey 08625-0086
    Counsel for Respondents

**CHESLER**, District Judge

    This matter is before the Court on Petitioner Michael Kounelis' petition for habeas corpus relief under 28 U.S.C. § 2254.  For reasons discussed below, the petition for habeas corpus relief will be dismissed as time-barred, pursuant to 28 U.S.C. § 2244(d).

I.  BACKGROUND

Petitioner, Michael Kounelis ("Kounelis"), filed a petition for habeas corpus relief on or about August 24, 2004.[1]  On December 21, 2004, the Court directed respondents to answer the petition, and the respondents filed an answer, with affirmative defenses, and pertinent part of the state court record, on or about February 18, 2005, and an amended answer on April 8, 2005.

The following facts are taken from the petition, the respondents' amended answer, and the state court record.

A judgment of conviction was entered against Kounelis on March 25, 1994, based on his conviction by jury trial for first degree armed robbery, 3rd degree theft by unlawful taking, 2nd degree burglary, 2nd degree kidnaping, 3rd degree aggravated assault, 3rd degree possession of weapons (knife and crowbars) for an unlawful purpose, and unlawful possession of weapons (knife and crowbars).  The trial court denied the State's motion for an extended term and merged all counts into the conviction on

---

[1]  The habeas petition was not received by the Court until August 30, 2004.  However, giving Kounelis the benefit of all inferences related to the date he filed his petition, the Court finds that Kounelis "filed" his petition on the date he handed it to prison officials to be mailed to the Court for filing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).  Because the Court does not know the exact date on which Kounelis handed his complaint to prison officials for mailing, it will use the date on which he signed his petition, which was August 24, 2004.

the first count of first degree armed robbery.  Kounelis was sentenced to a 20 year prison term with a 10-year parole disqualifier, to be served consecutively to the sentence Kounelis was then serving on different state court convictions in New Jersey.  Kounelis appealed his conviction to the New Jersey Appellate Division, and the conviction was affirmed on June 14, 1996.  He then filed a petition for certification with the New Jersey Supreme Court, on June 24, 1996, which was denied on October 23, 1996.  Kounelis did not file a petition for a writ of certiorari with the United States Supreme Court.

On or about September 15, 1997, Kounelis filed an application for post-conviction relief ("PCR") with the Superior Court of New Jersey, Law Division, Mercer County.  (Respondents' Exhibit 37).  A hearing was held on April 26, 1999, and the state court denied the PCR petition by Order entered the same date. Kounelis appealed to the New Jersey Appellate Division, which affirmed the denial of state PCR relief on May 21, 2002. Kounelis then filed a petition for certification to the New Jersey Supreme Court.  The New Jersey Supreme Court granted the petition for certification and remanded the matter for reconsideration in light of State v. Rue, 811 A.2d 425 (2002).[2]

---

[2] In State v. Rue, the New Jersey Supreme Court interpreted N.J.Ct.R. 3:22-6, which requires the assignment of counsel on an indigent defendant's first state PCR application, to require that the assigned counsel present all grounds for relief as requested by the petitioner-defendant, regardless of their lack of merit.

3

On remand, the Appellate Division re-affirmed denial of post-conviction relief by per curiam opinion filed April 22, 2003. The New Jersey Supreme Court denied certification on September 8, 2003.

Kounelis filed this petition for habeas relief under § 2254 on August 24, 2004. The respondents answered the petition alleging that petitioner's grounds for habeas relief are without merit. Respondents also raise the affirmative defense that Kounelis' habeas petition is time-barred under 28 U.S.C. § 2244(d)(1). Kounelis filed a reply to the answer, arguing that his petition was filed within the one-year statute of limitations period. Kounelis contends that the limitations period does not begin to run until a petitioner has exhausted all his State remedies, including post-conviction relief, and therefore, his conviction became final on September 8, 2003.

## II.  STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce

---

The respondents assert here that this claim for federal habeas relief is not cognizable because a claim of ineffective assistance of PCR counsel is not a federal claim pursuant to 28 U.S.C. § 2254(I).

4

v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the

5

amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled,

from the time it is "properly filed,"[3] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

Corrections, 145 F.3d 616, 618 (3d Cir. 1998).[4] However, the one-year limitations period in § 2244(d)(1) can only be equitably tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims." Miller, 145 F.3d at 618. Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights. Id. There are three enumerated circumstances that would permit equitable tolling in the instant case: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum. Jones, 195 F.3d at 159. The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d

---

[4] Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

Cir. 2002), <u>cert</u>. <u>denied</u> 538 U.S. 1022 (2003); <u>Fahy</u>, 240 F.3d at 244.

Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. <u>Jones</u>, 195 F.3d at 159. <u>See also</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Kounelis was convicted on March 25, 1994, and his judgment of conviction became final, pursuant to 28 U.S.C. § 2244(d)(1), on January 21, 1997, or 90 days after the New Jersey Supreme Court denied certification on direct appeal, which was October 23, 1996 (*i.e.,* conviction becomes final upon expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court).  See <u>Swartz</u>, 204 F.3d at 419; <u>Morris</u>, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.  Thus,

9

Kounelis' state court conviction now under attack became final well after the enactment of AEDPA on April 24, 1996 and the one-year grace period.  Consequently, Kounelis had one year from January 21, 1997, or until January 21, 1998 to bring his federal habeas petition under § 2254.

Nevertheless, the Court also finds that there was statutory tolling of the limitations period under § 2244(d)(2) before January 21, 1998 because Kounelis filed a state PCR application on September 15, 1997, which remained pending in state court until September 8, 2003, when the New Jersey Supreme Court denied certification from the Appellate Division's re-affirmance of the trial court's denial of post-conviction relief.  Thus, Kounelis' limitation period began to run from January 21, 1997 until September 15, 1997 (for exactly 237 days) when Kounelis filed his state PCR petition, which started to toll the limitations period under § 2244(d)(2).  The limitations period did not begin to run again until September 8, 2003, when the New Jersey Supreme Court denied certification on the remanded appeal from denial of his state PCR petition.  Kounelis had only 128 days (*i.e.,* one year or 365 days minus the 237 days which had already run) from September 8, 2003, or until January 14, 2004, to file his federal § 2254 petition.  See Stokes, 247 F.3d at 542 (the "time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state

10

post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244 (d)(2)"). Kounelis did not file his § 2254 habeas petition until August 24, 20043, more than seven months after the statutory period had expired.

Section 2244(d)(1) clearly provides that a § 2254 petition must be filed within one year of the latest of four events, the one relevant here being "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Johnson, 314 F.3d at 161. In Johnson, the Third Circuit, under similar circumstances, affirmed the district court's dismissal of Johnson's § 2254 petition as time-barred. The court found that the statutory period ran for 222 days until Johnson had filed his petition for post-conviction relief in state court. At that point, the statutory period was tolled pursuant to 28 U.S.C. § 2244(d)(2), until the New Jersey Supreme Court denied Johnson's petition for certification, and Johnson then had the remaining 143 days in which to timely file his federal habeas petition. Johnson, 314 F.3d at 161. The Third Circuit noted that § 2244(d)(2)'s tolling provision excludes the time during which a properly-filed state PCR petition is pending, but it does not reset the date from which the one-year limitations period begins to run. Id. at 162 (*citing* Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert.

denied, 531 U.S. 840 (2000)). Consequently, Kounelis' federal habeas petition is time-barred.

Moreover, Kounelis offers no excuses, extraordinary or otherwise, for equitable tolling. Rather, Kounelis mistakenly argues that the limitations period did not begin to run until after he exhausted his state remedies, including the PCR application, and thus, his conviction became final on September 8, 2003. At best, it appears that Kounelis may have miscalculated the statutory period when he failed to count the time his limitations period began to run after his conviction became final on January 21, 1997 and before he filed his state PCR petition on September 15, 1997, which served to toll the limitations period under 28 U.S.C. § 2244(d)(2). Miscalculation of the statutory period does not constitute extraordinary circumstances to permit equitable tolling. Fahey, 240 F.3d at 244. Moreover, even if Kounelis was ignorant of the fact that the limitations period began to run on January 21, 1997 when his conviction became final, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001). Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60. Accordingly, Kounelis does not

12

demonstrate any extraordinary circumstances that would permit the equitable tolling of the one-year statute of limitations.

Therefore, because Kounelis failed to file a timely petition and demonstrates no extraordinary circumstances that would allow equitable tolling, the Court is precluded from reviewing this petition for habeas corpus relief under § 2254.  Since the § 2254 petition is time-barred under § 2244(d)(1), it will be dismissed.

### IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

For the reasons discussed above, Kounelis' § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will dismiss the petition accordingly.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.


                                    _____s/_____
                                    STANLEY R. CHESLER
                                 United States District Judge

DATED:    September 19, 2005